IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TWIN GROCERY,<br>        Plaintiff,<br><br>        v.<br><br>ROBERT T. DEEGAN, et al.,<br>        Defendants. | CIVIL ACTION<br><br>No. 16-6151 |

**Goldberg, J.**                                                                    May 31, 2017

### Memorandum Opinion

Plaintiff Alex M. Torres seeks review of an administrative decision disqualifying his business, Twin Grocery, from participating in the United States Department of Agriculture's Supplemental Nutrition Assistance Program for three years.[1] Plaintiff also contends that the process by which the disqualification decision was made violated his due process rights. Presently before me is Defendants' motion to dismiss in part and for summary judgment in part. Plaintiff failed to file a response to Defendants' motion. For the reasons that follow, the motion will be granted in its entirety.

**I.    STATUTORY FRAMEWORK**

This action is brought under the Food and Nutrition Act of 2008, 7 U.S.C. § 2011 et seq., formerly referred to as the food stamp program and now known as the Supplemental Nutrition Assistance Program ("SNAP"). SNAP is intended to enable "low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible households who apply for participation." 7 U.S.C. § 2011.

---

[1] While the caption of the Complaint names Twin Grocery as the Plaintiff, the body of the Complaint refers to Alex M. Torres, Twin Grocery's proprietor, as the Plaintiff.

The Supplemental Nutrition Assistance Program for Women, Infants and Children ("WIC"), an outgrowth of SNAP, was established to provide "supplemental foods and nutrition education" to "pregnant, postpartum, and breastfeeding women, infants, and young children from families with inadequate income." 42 U.S.C. § 1786(a).

The Food and Nutrition Service ("FNS") is an agency of the USDA that administers WIC and SNAP through collaboration with state-level entities.

Pursuant to this arrangement, the Pennsylvania Department of Health ("DOH") is responsible for imposing sanctions on stores for violations of the WIC program's terms and conditions. Sanctions can range from a civil money penalty ("CMP") to permanent disqualification from participating in the WIC program. 28 Pa. Code §§ 1107.1–1107.2.

The FNS, however, is responsible for imposing sanctions on stores that violate SNAP's terms and conditions. 7 C.F.R. § 278.6(a). In some circumstances, the FNS is required to disqualify a store from participation in SNAP when the store has been disqualified from participation in WIC. For example, as is relevant to the case before me, reciprocal SNAP disqualification is required where a store has been disqualified from WIC based on a "pattern of claiming reimbursement for the sale of an amount of a specific food item which exceeds the store's documented inventory of that food item for a specified period of time." 7 C.F.R. § 278.6(e)(8)(i)(A). This mandatory SNAP disqualification must be for the same duration as the WIC disqualification. 7 U.S.C. § 2021(g)(2)(A).

However, the FNS has discretion to impose a CMP in lieu of this disqualification where "disqualification would cause hardship" to households receiving SNAP benefits. 7 C.F.R. § 278.6(f)(1). Such a hardship applies where a store "subject to a disqualification is selling a substantial variety of staple food items . . . and . . . there is no other authorized retail food store in

2

the area selling as large a variety of staple food items at comparable prices." 7 C.F.R. § 278.6(f)(1).

## II. FACTUAL BACKGROUND[2]

Alex M. Torres owns and operates a neighborhood convenience store, Twin Grocery, in Chester, Pennsylvania. Twin Grocery has participated in SNAP for the past six (6) years. (Compl. ¶ 1.) In the Complaint, Torres alleges that a former employee made "an honest mistake for WIC over-payments in an amount totaling less than $30." Torres states that, after he learned of the issue, he terminated the employee, reimbursed all moneys owed and took other steps to ensure that he was in full compliance. Torres further alleges that (1) he never knowingly violated the terms of the WIC or SNAP programs, (2) a WIC agent told him that he was in "full compliance" with all WIC requirements on December 10, 2015 and (3) he never received any written notice regarding his alleged non-compliance from the WIC office. (Id. at ¶¶ 4-9.)

The administrative record discloses the following:

During unannounced "compliance buys" conducted on July 8, 2015 and September 18, 2015, the DOH determined that Twin Grocery was overcharging for certain items. (Administrative Record 78-80.)

The DOH sent Torres a letter dated May 6, 2016 setting forth the violations discovered during the compliance buys and notifying Torres that, as a result, Twin Grocery was disqualified

---

[2] In support of their motion, Defendants submitted a statement of undisputed facts. This statement almost exclusively relies upon evidence contained in the underlying administrative record. As noted above, Torres failed to respond to the instant motion and, therefore, the facts laid out by Defendants will be considered undisputed. See Fed. R. Civ. P. 56(e)(2).

Furthermore, in the absence of any argument from Plaintiff that Defendants' motion for summary judgment is premature, I conclude it is appropriate to entertain Defendants' arguments for summary judgment. See Lugo v. United States, 2009 WL 928136, at *3 (S.D.N.Y. Mar. 30, 2009) (whether FNS' imposition of a particular penalty is "arbitrary or capricious is a matter of law appropriately determined on a motion for summary judgment.")

from participating in the WIC program for three years. (A.R. 78-82; 28 Pa. Code § 1107.1a(c)(3) (DOH "will disqualify a WIC authorized store for 3 years for . . . [t]wo or more incidences of overcharges")). The letter also informed Torres of his right to appeal the WIC disqualification through state-level administrative review as well as the possibility of a reciprocal SNAP disqualification. Torres did not appeal the WIC disqualification. (A.R. 81-82.)

By letter dated July 1, 2016, the FNS notified Torres that, in light of the WIC disqualification, Twin Grocery was being reviewed for disqualification from SNAP or, alternatively, a CMP. The letter informed Torres that he may present information or evidence indicating that he had not been disqualified from WIC, that he had not been informed of the possibility of a reciprocal SNAP disqualification, or that an appeal of the WIC disqualification was ongoing. (A.R. 83-84.) Torres received this letter on July 5, 2016. (A.R. 85.)

Torres responded by letter dated July 7, 2016 in which he claimed that he mailed a letter of appeal to DOH on an unspecified date and that DOH never informed him that he faced a reciprocal SNAP disqualification. Torres explained that he terminated the employee responsible for the overcharges, his customers relied on the SNAP benefits and he "wouldn't be able to keep his business" without SNAP. (A.R. 88-89.)

The FNS reviewed Torres' submission as well as data on other SNAP participating stores in Twin Grocery's area. The FNS determined that a CMP in lieu of disqualification was not appropriate because there were thirteen SNAP participating stores selling as large a variety of staple food items at comparable prices within a one-mile radius of Twin Grocery.[3] As such, the

---

[3] In the Complaint, Torres disputes "upon information and belief" the number of SNAP participating stores in his "service area." (Compl. ¶ 12.) He, however, did not respond to the instant motion and offers no evidence in support of this assertion or the other allegations contained in the Complaint.

4

FNS concluded that there would be no hardship to SNAP households if Twin Grocery was disqualified. (A.R. 90-93.)

By letter dated September 12, 2016, Torres was advised of this determination and his right to appeal the denial of a CMP to the FNS Administrative Review Branch. (A.R. 94-95.) Torres timely requested such an appeal. In support of his appeal, he stated that approximately 70% of his customers use SNAP benefits and he reiterated that he terminated the employee who had made the overcharges, had taken additional steps to ensure compliance and that he feared he would lose his business without SNAP. (A.R. 98.)

By letter dated September 22, 2016, Administrative Review Officer Robert Deegan acknowledged Torres' appeal and requested that Torres submit any information in support of his position within three weeks. Torres did not submit any supporting information. (A.R. 101, 105.)

On October 26, 2016, Deegan issued the Final Agency Decision, in which Deegan concluded that the three year reciprocal disqualification was properly imposed and a CMP was properly denied. Deegan determined that DOH properly notified Torres of the WIC violations, his appeal rights and the possibility of a reciprocal SNAP disqualification. Deegan found no evidence that Torres exercised his right to appeal the WIC disqualification. Deegan concluded the denial of a CMP was proper because there were a number of other stores in the area selling as large a variety of staple food items at comparable prices as Twin Grocery. (A.R. 106-111.)

The Complaint names the United States, Deegan, and, Tom Vilsack, who was the Secretary of the USDA at the time the Complaint was filed.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v. Leone, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 461 (3d Cir. 1989)).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." Id. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A).

## IV. DISCUSSION

### a. Who is a Proper Defendant in this Action?

Defendants urge that the claims against Defendants Deegan and Vilsak must be dismissed because, under the Food and Nutrition Act of 2008, sovereign immunity has been waived solely with respect to the United States.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." Block v. N. Dakota, 461 U.S. 273, 287 (1983). "A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." Id.

The relevant statute provides a limited waiver of sovereign immunity. It states, in relevant part, if a store "feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States. . . ." 7 U.S.C. § 2023(a)(13) (emphasis added).

Section 2023(a)(13) bars suits against any other entity or individual other than the United States. See Calderon v. USDA, Food & Nutrition Serv., 756 F. Supp. 181, 184 (D.N.J. 1990) (the statutory language permitting suits "against the United States" was not meant to waive immunity "with regard to any governmental party other than the United States itself"); Ratsamy v. USDA, 2008 WL 919545, at *2 (D. Minn. Apr. 2, 2008) (same); Arias v. United States, 2014 WL 5004409, at *14 (S.D.N.Y. Sept. 29, 2014) (same). As such, the claims against Defendants Deegan and Vilsack must be dismissed.

b. **Challenge to Three Year Disqualification**

The Government argues that this Court lacks subject matter jurisdiction to review the FNS' imposition of a reciprocal SNAP disqualification following Twin Grocery's WIC disqualification. I agree. Pursuant to the regulations discussed above, imposition of the reciprocal disqualification is mandatory. See 7 C.F.R. § 278.6(e)(8)(i)(A); see also 7 U.S.C. 2021(g)(2)(A). Furthermore, the applicable statutes and regulations explicitly preclude judicial review of a reciprocal SNAP disqualification. 7 U.S.C. § 2021(g)(2)(C) (reciprocal disqualification "shall not be subject to judicial or administrative review"); 7 C.F.R. § 278.6(e)(8)(iii)(C) (reciprocal disqualification "[s]hall not be subject to administrative or judicial review under the Food Stamp Program").

These statutes and regulations deprive courts of subject matter jurisdiction to review reciprocal disqualifications like the one imposed in the case before me. See, e.g., Salmo v. United States, 226 F. Supp. 2d 1234, 1237 (S.D. Cal. 2002) ("Congress has unambiguously stated that decisions by the FNS disqualifying a store from participating in [SNAP] as a result of a prior WIC disqualification are not subject to administrative or judicial review"); Guzman v. USDA, 931 F. Supp. 2d 488, 495 (S.D.N.Y. 2013); Simone Enterprises, LLC v. USDA, 2011 WL 3236222, at *3 (E.D. Wis. July 27, 2011); Dasmesh v. United States, 501 F. Supp. 2d 1033, 1038-39 (W.D. Mich. 2007); Islam Corp. v. Johanns, 2007 WL 1520930, at **2-3 (W.D. Ky. May 21, 2007).

Consistent with the above analysis, I conclude that this Court does not have subject matter jurisdiction to review the imposition of a reciprocal SNAP disqualification. However, the refusal to impose a CMP in lieu of disqualification presents a separate issue and one that is not expressly exempted from judicial review. See Simone Enterprises, LLC, 2011 WL 3236222, at

*3; Dasmesh, 501 F. Supp. 2d at 1039; Guzman, 931 F. Supp. 2d at 494–95. The merit of Torres' challenge to the decision not to impose a CMP in lieu of disqualification is discussed below.

### c. Whether the Denial of a Civil Monetary Penalty was Arbitrary or Capricious

"The standard of review for the imposition of a sanction under SNAP is whether the Secretary's action was arbitrary or capricious, i.e., whether it was 'unwarranted in law or without justification in fact.'" Reyes v. United States, 2013 WL 5786360, at *3 (E.D. Pa. Oct. 28, 2013) (quoting Atl. Deli & Grocery v. United States, 2011 WL 2038758 (D.N.J. May 23, 2011)).

As noted above, the FNS may impose a CMP in lieu of disqualification only when "the firm subject to a disqualification is selling a substantial variety of staple food items . . . and . . . there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." 7 C.F.R. § 278.6(f)(1).

In determining whether FNS' decision was arbitrary or capricious, the following undisputed facts are relevant: there were at least thirteen stores within one mile of Twin Grocery that sold as large a variety of staple food items at comparable prices and accepted SNAP benefits and Torres submitted no evidence of hardship to the community.[4]

The FNS' decision to deny a CMP in lieu of a three-year disqualification followed rationally from these facts. See Lugo v. United States, 2009 WL 928136, at *4 (S.D.N.Y. Mar. 30, 2009) (concluding that the decision to deny a CMP was not arbitrary nor capricious as "the

---

[4] In the Complaint, Torres argues that the "agency abused its discretion in not imposing a lesser penalty, including a civil monetary penalty (CMP), based on the erroneous conclusion that Plaintiff failed to submit sufficient evidence to demonstrate that Plaintiff had established an[d] implemented an effective compliance policy and program to prevent violations of the SNAP." (Compl. ¶ 18.) Whether or not Torres implemented an effective policy and program to prevent future violations of SNAP is irrelevant to the inquiry before me which is focused solely on hardship to the community. Contrary to Torres' characterization, the denial of a CMP was not premised on his failure to implement a compliance program but rather the lack of hardship to the community. (See A.R. 110.)

record is unchallenged that there are several authorized retail food stores within one mile of Plaintiff's store that sell as large a variety of staple food items at comparable prices"). Under these circumstances, no reasonable fact finder could conclude that the decision was arbitrary and capricious. Therefore, summary judgment in Defendants' favor is appropriate.

### d. Due Process

Defendants also argue that they are entitled to summary judgment on Torres' due process claim. "At a minimum, due process requires notice and a hearing." Wilson v. MVM, Inc., 475 F.3d 166, 178 (3d Cir. 2007) (citing Reichley v. Pa. Dept. of Agriculture, 427 F.3d 236, 247 (3d Cir. 2005)). However, "when that notice and hearing must be provided and how intensive the hearing must be is a determination that depends on the balancing of three interests: (1) the private interest at stake, (2) the risk of error in the procedure used compared with the degree of improved accuracy that additional procedures would provide, and (3) the government's interest." Wilson, 475 F.3d at 178.

In the Complaint, Torres argues that the USDA violated his due process rights under the Fifth Amendment through the following actions:

> 25. [ ] [The Agency failed] to inform a retailer under the SNAP program by a clear statement, as to how, when and in what specific format the Appellant is to submit sufficient evidence to demonstrate that it had established an effective compliance policy and program to prevent violations of the SNAP.
>
> 26. The USDA charge letter to Plaintiff dated May 6, 2016 failed to state that the Plaintiff was required had established an implemented [sic] an effective compliance policy and program to prevent violations of the SNAP.
>
> 27. The USDA charge letter to Plaintiff dated May 6, 2016 failed to provide Plaintiff with any form of notice and/or clear statement informing the Plaintiff that he was required to establish an implemented an effective [sic] compliance policy and program to prevent violations of the SNAP together with providing Plaintiff sufficient information, as to the method, format and procedure for submitting this information.

28. The USDA charge letter to Plaintiff dated May 6, 2016 failed to provide Plaintiff with any form or information of any form of lesser penalty than a three year disqualification.

29. The final agency decision dated October 26, 2016 is arbitrary, capricious and error [sic] in violation of Plaintiff's right of due process of law under the provisions of the Fifth Amendment.

(Compl. ¶¶ 25-29.)

For the reasons discussed above in footnote four, paragraphs 25, 26 and 27 are immaterial because the existence of an effective compliance policy is irrelevant.

The allegation in paragraph 28 is contradicted by evidence contained in the administrative record. On July 1, 2016, the FNS sent Torres a letter stating that he was being considered for a three-year penalty or a CMP and advising him that he had a right to reply to the charges. (A.R. 83.) Torres has not offered any evidence to suggest that he did not receive this letter, even assuming such a failure could constitute a denial of due process.

Paragraph 29 is conclusory and, for the reasons discussed above, the evidence does not support a conclusion that the agency decision was arbitrary or capricious.

Rather, the undisputed evidence establishes that: (1) Torres was given notice of and an opportunity to be heard regarding his WIC disqualification; (2) he was informed of the possibility of a reciprocal SNAP disqualification; (3) he was given an opportunity to present evidence that he had not been disqualified from WIC, that he had not been informed of the possibility of a reciprocal SNAP disqualification, or that an appeal of the WIC disqualification was ongoing; (4) he was invited to submit evidence in support his appeal to the Administrative Review Branch; and (5) he failed to provide any such evidence.

Twin Grocery arguably has a property interest in continued participation in SNAP. Cross v. United States, 512 F.2d 1212, 1217 (4th Cir. 1975) ("in a very real sense plaintiff will be

deprived of 'property' if he is disqualified from participation in the program for any period of time"). That said, there are "strong governmental interests in reducing food stamp abuse and in administering the program for the primary beneficiaries, namely, the SNAP recipients." Tony's Pantry Mart Inc. v. United States of Am. Dep't of Agric. Food & Nutrition Serv., 175 F. Supp. 3d 987, 996 (N.D. Ill. 2016).

In light of the balancing of these interests and the undisputed evidence establishing that Torres was given prior notice and invited to present evidence in support of his hardship position, I conclude that Torres was given sufficient notice and an opportunity to be heard twice before the final decision to deny a CMP in lieu of disqualification was made. As such, Defendants are entitled to summary judgment.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion will be granted in its entirety. An appropriate order follows.